**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SEQUE MITCHELL,

      Petitioner,

v.

                            CASE NO:  8:05-CV-627-T-30MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § §2255 (CV Dkt. 1), the United State's Response (CV

Dkt. 7), and Petitioner's Reply (CV Dkt. 8).  The Court has reviewed Petitioner's motion,

and finds that the motion will be denied because it is time barred and the grounds raised

are deficient.

### Background

Petitioner, Seque Mitchell (hereinafter "Mitchell" or "Petitioner") was convicted by a

federal jury of conspiracy to possess five kilograms or more of cocaine with the intent to

distribute, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One) and knowingly

carrying and possessing a firearm during and in relation to, and in furtherance of the drug

offense, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three).  On July 12, 2002 the

district court sentenced Petitioner to 235 months imprisonment on count one and 60

months imprisonment to run consecutively on count three. Crim. Dkt. 196.  Petitioner

appealed the sentence and judgment raising the following issues:

1.   Whether the trial court erred by denying Appellant's Motion for Judgment of Acquittal with respect to count one of the indictment.

2.   Whether the trial court erred by denying Appellant's Motion for Judgment of Acquittal with respect to count two of the indictment.

The Eleventh Circuit Court of Appeals affirmed the judgment and sentence on August 29, 2003. United States v. Welch et. al., Appeal No. 02-13917 (11th Cir. Aug. 28, 2003)(unpublished).   Petitioner, *pro se*,  filed three motions in the Eleventh Circuit, requesting extensions of time to file a petition for rehearing. (App. Dkt. at 9/26/03, 10/03/03, and 10/14/03).  On October 13, 2003, Petitioner's attorney, Frederick Mercurio (hereinafter "Attorney Mercurio"), who had represented Petitioner in the trial and appellate proceedings, notified Petitioner, by letter, that he had reviewed the Eleventh Circuit opinion, had found no legal basis to file either a motion for rehearing or a petition for writ of certiorari, and terminated his representation of Mitchell.  On October 31, 2003 Petitioner, *pro se*, filed a petition for rehearing, which the Eleventh Circuit denied. (App. Dkt. at 12/15/03).

Petitioner filed this Motion to Vacate Sentence pursuant to 28 U.S.C. § §2255 on March 28, 2005 requesting that his sentence be vacated on the following grounds:

**Ground One:**   Petitioner alleges that he is "actually innocent" of the charges alleged, requiring a reversal of Petitioner's conviction.

**Ground Two:**   Petitioner alleges that the District Court erred by sentencing Petitioner to an "exceptional sentence" of 235 months based on the federal sentencing guidelines, after the guidelines were held to be unconstitutional in Blakely v. Washington.

**Ground Three:**   Petitioner alleges ineffective assistance of counsel due to Attorney Mercurio's failure to object to the prosecuting attorney's question regarding whether spectators are usually present at a drug transaction.  Petitioner alleges that these are statements restricted to expert testimony.

**Ground Four:**     Petitioner alleges ineffective assistance of counsel based on Attorney Mercurio's failure to file a writ of certiorari although instructed to do so by Petitioner.

CV Dkt. 1 at 5-6.  For the reasons set forth below, the Court finds that Petitioner is not entitled to the relief he seeks.

## Discussion

Title 28 U.S.C. § §2255 provides, in pertinent part, that,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § §2255 (2006).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  This law amended 28 U.S.C. § §2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § §2255 (2006).

Applying the rules set out in AEDPA to Petitioner's motion, the court finds that it does not survive the bar created by the one-year limitation period.

The one-year limitations period applicable to Petitioner's § §2255 motion commenced upon the expiration of the 90-day period for filing a writ of certiorari with the United States Supreme Court. *See* Clay v. United States, 537 U.S. 522, 532 (2003)(holding that "for federal criminal defendants who do not file a petition for certiorari on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *See also* Supreme Court Rule 13; Close v. United States, 336 F.3d 1283 (11th Cir. 2003). Petitioner had 90 days after the Eleventh Circuit Court denied Miller's Petition for Rehearing on December 15, 2003, to file a writ of certorari with the Supreme Court, to wit: March 15, 2004.   Therefore, absent equitable tolling, Petitioner had until March 15, 2005 to file his § §2255 motion.

In this circuit a §2255 motion and documents related thereto are deemed "filed" when Petitioner surrendered the motion to a prison official for mailing as recorded in the prison mail log. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  Petitioner dated the §2255 motion December 29, 2004 (CV Dkt. 1), but the prison mailroom stamped the envelope March 26, 2005, and it was postmarked on March 28, 2005. Therefore the Court considers Petitioners §2255 motion filed on March 26, 2005, when it was delivered to the prison mailroom.

As stated *supra*, Petitioner did not file his § §2255 motion until March 26, 2005, several weeks after his filing period expired.  Petitioner is not entitled to an extension of the one-year limitation because he has not asserted that any of the statutory exceptions to the operation of the one-year limitation period are applicable to his § §2255 motion.  The Court finds that Petitioner is not entitled to equitable tolling, therefore his § §2255 motion is time barred. 28 U.S.C. § §2255 (2006).

The Eleventh Circuit has held that an extension of time in which to file a § §2255 motion is warranted only when a movant files an untimely motion as a result of extraordinary circumstances that are both beyond a prisoner's control and unavoidable even with diligence. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271-72 (11th Cir. 1999). *See also* <u>Helton v. Sec. for the Dep't of Corr.</u>, 259 F.3d 1310, 1314-15 (11th Cir. 2001)(holding that "[t]he 'extraordinary circumstances' standard applied in this circuit is focused on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.") <u>Id</u>.

Equitable tolling is only available if a petitioner establishes *both* extraordinary circumstances and due diligence. *See* <u>Diaz v. Sec. for the Dep't of Corr.</u>, 362 F.3d 698, 702 (11th Cir. 2004).  Petitioner's lack of knowledge of the law and the one-year filing period does not entitle Petitioner to equitable tolling.  <u>Towers v. Phillips</u>, 7 F.3d 206, 211 (11th Cir. 1993)(holding that "ignorance of available post-conviction remedies cannot excuse a procedural fault.").  To the extent that actual innocence may be considered as an exception to the one-year limitation period, Petitioner does not assert a colorable claim of actual innocence.  Thus, the Court denies Petitioner's § §2255 motion because it is time barred. *See* 28 U.S.C. §2255 ¶ 6.

Even if Petitioner's motion was timely, it would still be denied based on the reasons listed *infra*.

**<u>Ground One:</u>**  Petitioner alleges that he  is "actually innocent" of the charges alleged, requiring a reversal of Petitioner's conviction**.**

Petitioner requests that this court reverse his conviction, based on insufficient evidence to prove Mitchell was a participant in the conspiracy.  Petitioner argues that he was

an innocent bystander and the evidence only proves he was "merely present" at the scene of the alleged crime, therefore he is actually innocent.  Petitioner is barred from raising this claim, as it has already been denied by the Eleventh Circuit Court of Appeals. (Welch, Appeal No. 02-13917 at p. 20.)

A matter that has been decided adversely against the defendant on direct appeal, cannot be re-litigated in a collateral attack under 28 U.S.C. § §2255. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)(quoting United States v. Natelli, 553 F.2d 5,7 (2d Cir. 1977); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  On direct appeal the Eleventh Circuit determined that reasonable jurors could infer that Petitioner had knowingly joined the conspiracy and had carried a firearm to the drug transaction. (Welch, Appeal No. 02-13917 at pp. 20-22).

A court will not reconsider an issue already decided on direct appeal unless there are changed circumstances of fact or law. (Nyhuis, 211 F.3d at 1343).  Petitioner raises the same argument in this Motion that he raised in his appellate brief,[1] with no new issues of fact or law.

Ground one will be denied.

| **Ground Two:** | Petitioner alleges that the District Court erred by sentencing Petitioner to an "exceptional sentence" of 235 months based on the federal sentencing guidelines, after mandatory guidelines were held to be unconstitutional in Blakely v. Washington. |

Petitioner claims that his sentence must be vacated and the case remanded for re-sentencing according to the United States Supreme Court's decision in Blakely v.

---

[1]

In his appellate brief, Petitioner argued that his mere presence at the warehouse was insufficient to prove that he had knowledge of the conspiracy or that he had knowingly and voluntarily participated in the conspiracy. United States v. Welch, Appellate Brief 2002 WL32317664 at p.15 (Dec. 12, 2002).

Washington.  Blakely v. Washington, 543 U.S. 296, 313 (2004).  The Supreme Court's decision in Blakely specifically addresses state sentencing guidelines and is not applicable to federal sentencing guidelines. Id.  However, in 2005, the United States Supreme Court decided United States v. Booker, which found that the federal sentencing guidelines were discretionary rather than mandatory after excising certain limited portions. United States v. Booker, 543 U.S. 220, 233 (2005).  The Booker holding does not apply retroactively and the Eleventh Circuit has determined that Booker only applies to cases that were pending when Booker was decided on January 12, 2005.  Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2006).  The decision in Booker does not apply to Petitioner's sentence because Petitioner's case was not pending after December 15, 2003.

Even if Booker and Blakely were applicable to Petitioner's sentence, his claim would be denied because Petitioner's argument is vague.   Petitioner's motion does not clearly articulate which sentencing factors he believes should have been submitted to a jury.

Ground two will be denied.

**Ground Three:**      Petitioner alleges ineffective assistance of counsel based on Attorney Mercurio's failure to object to prosecuting attorney's question regarding whether spectators are usually present at a drug transaction. Petitioner alleges that these are statements restricted to expert testimony.

To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Deficient performance is defined in Strickland as performance which is objectively unreasonable under prevailing professional norms. Id. at 688.  The deficient performance must also be shown to prejudice the defense.  Prejudice results when there is a "reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694.

Here, Petitioner was not prejudiced by his counsel's failure to object because other defense lawyers objected and the objection was overruled.  There was no need for Petitioner's counsel to also object.  On appeal, the Eleventh Circuit held that although the statement may be objectionable, it was not so prejudicial as to render the trial unfair. (Welch, Appeal No. 02-13917 at p. 20.)  The statement was determined harmless to defendant because of the other available evidence establishing defendant's involvement in the drug transaction and possession of a firearm. Id.

Ground three will be denied.

**Ground Four:**   Petitioner alleges ineffective assistance of counsel based on Attorney Mercurio's failure to file a writ of certiorari although instructed to do so by Petitioner.

Petitioner claims that his counsel was ineffective based on his counsel's "refusal" to file a writ of certiorari with the United States Supreme Court.  Petitioner claims the refusal of his attorney to act, prevented Petitioner from appealing to the High Court.   Petitioner's claim of ineffective assistance of counsel is denied by the Court because Petitioner has no right to counsel for discretionary review.

To succeed on this ineffective assistance of counsel claim, Petitioner must first prove a right to appointed counsel existed. United States v. Becker, 2005 WL 3110650, 1, at 5 (S.D.N.Y.)(Nov. 18, 2005); Evitts v. Lucey, 469 U.S. 387, 396 (1985)(finding that although *Strickland* recognizes a constitutional right to effective assistance of counsel, the right is not extant where the defendant lacks a predicate right to counsel); Wainright v. Torna, 455 U.S. 586, 587-88 (1982)(*per curiam*)( "Since respondent had no constitutional right to counsel,

he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."). Review of a writ of certiorari is not a matter of right, but is based on judicial discretion. Sup. Court. R. 10. Because the Supreme Court's jurisdiction for the review of a writ of certiorari is discretionary, there is no right to counsel for filing of a writ of certiorari. Ross v. Moffitt, 417 U.S. 600, 617 (1974)(noting that the Supreme Court has followed a consistent policy of denying applications for appointment of counsel by persons seeking to file petitions for certiorari in the Supreme Court). Petitioner had no right to counsel following the Eleventh Circuit's decision on direct appeal. Therefore this ineffective assistance claim fails.

Even if Petitioner had a right to appointed counsel, Petitioner's claim fails to show prejudice. As stated *supra*, a prima facie claim for ineffective assistance of counsel requires Petitioner to show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Attorney Mercurio did not act deficiently by failing to file a writ of certiorari as Petitioner requested. The Eleventh Circuit Rule 35-3 states that the duty of counsel is  is fully discharged without filing a petition for rehearing if the rigid standards of Fed. R. App. P. 35 are not met. 11th Cir. R. 35-3. After reviewing the Eleventh Circuit decision, Attorney Mercurio determined that the standards of Fed. R. App. P. 35 were not met, and notified Petitioner on Oct. 13, 2003 that he would not be filing a Motion for Re-hearing or a Petition for Writ of Certiorari on Petitioner's behalf. (Government Response Ex. 4).    Attorney Mercurio acted in accordance with the standards of the legal profession by following the rules of the Eleventh Circuit Court of Appeals. 11th Cir. R. 35-3. Attorney Mercurio timely notified Petitioner of his decision to terminate representation, prior to the deadline for the

Motion for Rehearing and prior to the beginning of the 90-day period for filing a writ of certiorari.  Fifteen days after Attorney Mercurio cancelled representation, Petitioner filed, *pro se*, a Petition for Rehearing with the Eleventh Circuit.  Petitioner had five months after Attorney Mercurio withdrew representation to prepare and file a writ of certiorari with the Supreme Court.  Attorney Mercurio's actions were not deficient and counsel's actions did not prejudice Petitioner.

Ground four will be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that the motion is denied because it is time barred according to the one-year limitation period applicable to § §2255 motions and, further, that the grounds raised are deficient. *See* 28 U.S. C. § §2255 (2006).

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence (Case No. 8:05-CV-627-T30MAP, CV Dkt. 1) is **DENIED.**

2.      The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 26, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2005\05-cv-627.deny 2255.wpd